■ Grover, J.
The exception taken by the defendants’ counsel to the legal conclusion of the referee, that the plaintiffs were entitled to recover of the defendants the sum of $532.62, raises the question whether the plaintiffs were entitled to recover this entire sum, and, if not so entitled, the General Term committed no error in reversing the judgment and ordering a new trial.
*293 The defendants had in their hands a quantity of whisky belonging to the plaintiffs, which the latter desired to obtain the possession of from them. The defendants claimed a lien upon the property for certain sums to which they claimed to be entitled, and refused to deliver the whisky without payment of such charges. The plaintiffs, insisting that the defendants had no right to the money claimed, paid the same under protest to enable them to get possession of the whisky. This was not a voluntary payment by the plaintiffs, and if the defendants had no right to the money so paid, the plaintiffs can maintain an action against the defendants therefor. It is money extorted by duress of the goods of the party. (Fleetwood v. New York, 2 Sand. [Sup. Court Reports], 475; Cook v. City of Boston, 9 Allen, 393; Benson v. Monroe, 7 Cush., 125.) The inquiry, therefore, is, whether the defendants were entitled to the whole or any part of the money claimed and paid.
The counsel for the appellants insists that if they were so entitled for services rendered in the care of the property, yet that such claim is not available for the reason that it does not appear to have been urged upon the trial. But we have seen that the exception to the legal conclusion, that the plaintiffs were entitled to recover the sum specified, raises the question whether the plaintiffs were entitled to recover that entire amount. The facts found and conclusively proved are, that the plaintiffs were distillers in Buffalo ; that the plaintiffs between January 1st and April 1st, 1871, placed in the hands of the defendants upward of 400 barrels of whisky, under a contract that the latter should sell the same and receive therefor a commission of two and one-half per cent upon the amount of sales, and such money as they should actually expend in the storage, etc., of the whisky. That the defendants, before November 1st, 1871, sold a part of the whisky. That bargains for the sale of whisky, to the amount of rather more than $11,000, were negotiated by agents of the plaintiffs other than the defendants, which were communicated to the latter, and the whisky *294 shipped in accordance therewith by them to the respective purchasers, and the amount entered upon the books of the defendants as sold by them, and the government tax imposed upon sales paid by them. The commission of two and one-half per cent upon these sales constituted a part of the money claimed by the defendants and paid by the plaintiffs. It will be seen that the commissions were all the compensation that the defendants were to receive for their entire services in receiving, taking care of, and selling the property.
, The counsel for the appellants cites Briggs v. Rowe (4 Keyes, 426), and other eases, to show that an owner who has employed a broker to negotiate a sale of property, and who, during the time of such employment, sells the property himself without any agency of the broker in effecting such sale, is not liable for the commissions of the latter. This is not analogous to the present case. The broker has no responsibility for or trouble with the property, in short has nothing to do with it. His contract is simply for the negotiation of a bargain for the sale or producing a purchaser ready and willing to purchase the property upon the terms fixed by the owner, and his commission is by the contract made dependent upon his success in these respects. The owner does not agree that he will not, during the time, sell the property himself or through the agency of another broker; and yet it is settled that if the owner, while the broker- is treating for the sale of the property, interferes and makes a bargain himself with the same person for the sale, upon the terms prescribed for the broker or any other, he is liable for the commissions. In the present case the defendants were not only to negotiate sales of the property, but were to receive, superintend, and take care of it. The latter services had been rendered; and while they were in no default, but ready and willing to proceed with the performance of the contract, it is entirely clear that the plaintiffs had no right to rescind the contract and take the property from them without paying them for the services already rendered.
The case contains nothing as to any usage, fixing the *295 amount of compensation under such a state of facts, nor the compensation to which the defendants were entitled in respect to that part of the whisky remaining unsold, and which was delivered by the defendants to the plaintiffs’ agent, upon receipt of the money by the former. The amount, in the absence of a contract or usage fixing it, must, as in other cases, be what the services were fairly worth.
The plaintiffs having paid the money to the defendants, the onus was upon them to show that they did not owe it, but that it was extorted from them unjustly by duress of their goods. The facts proved, and found by the referee, show that they did owe a part if not all the money for which the referee gave them a judgment. Hence the judgment was rightly reversed by the General Term, and a new trial ordered. The plaintiffs, instead of appealing from the order, should have retried the case, and made the proof showing how much, if anything, was exacted and received by the defendants more than was justly their due.
This court must affirm the Order appealed from, and judgment final must be given against the plaintiffs upon their stipulation.
All concur.
Order affirmed, and judgment accordingly.